## OWEN BATTLE *v.* THE STATE.

1. INDICTMENT. — Though better that an indictment for rape, or for assault with intent to commit rape, should expressly aver that the injured party is a woman or female, yet the omission of such an averment will not vitiate, if that allegation appears from all that is stated in the indictment.

2. SAME — CASE STATED. — Indictment for assault with intent to commit rape designated the party injured by the feminine name Theresa, and also by the pronoun "her;" but nowhere expressly alleged the sex of such party. Defendant moved in arrest of judgment for want of such an allegation. *Held*, that the motion was correctly overruled.

APPEAL from the District Court of Falls.   Tried below before the Hon. L. C. ALEXANDER.

So far as the rulings are concerned, the case is disclosed in the opinion.   The appellant is a freedman, and the verdict allotted him five years in the penitentiary.

No brief for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

WHITE, J.  The appeal in this case is from a judgment of conviction for an assault with intent to commit rape. Pasc. Dig., art. 2156.  " Rape is the carnal knowledge of a woman without her consent, obtained by force, threats, or fraud, or the carnal knowledge of a female under the age of ten years, with or without consent, and with or without the use of force, fraud, or threats."  Pasc. Dig., art. 2184.

The main error relied on is the one presented in the second ground of the motion in arrest of judgment, as follows : " The indictment does not show or charge that the assault with intent to rape was committed upon the person of a woman or female."

As set out in the indictment in making the charge, the language used is, after the formal allegations, that the accused " did then and there unlawfully, willfully, and feloniously, in and upon the body of Theresa Gaudaloupe, make an assault ; and the said Owen Battle did then and there, without the consent and against the will of her, the said Theresa Gaudaloupe, attempt by force her, the said Theresa Gaudaloupe, then and there to ravish and carnally know, with intent her, the said Theresa Gaudaloupe, willfully and feloniously to ravish and carnally know," etc.

It was not error for the court to overrule the motion in arrest of judgment.  This identical question has been adjudicated in several of the state courts.

In the case of *The State* v. *Terry,* 4 Dev. & B. 152, it was decided that the word "her," used in an indictment for rape, disclosed with sufficient certainty that the person stated therein to have been ravished was a female.

The same court, in another case where the indictment charged that the prisoner " did make an assault, and her, the said Mary Ann Taylor, then and there, violently and against *her* will, did ravish and carnally know," say : " From the language used, the court can and must see with certainty that Mary Ann Taylor is a female."     *The State* v. *Farmer*, 4 Ired. 224.

In Taylor's case, where the indictment did not allege that Ellen Frances Davis, the party ravished, was " a female," the Court of Appeals of Virginia held the indictment good, and, further, that " both of the names ' Ellen ' and ' Frances ' " are names universally applied to females only, and the personal pronoun of the female gender, " her," is twice used in the indictment in relation to the person therein described as " Ellen Frances Davis," and there is not a word in the indictment tending to show that such person is not a female."     20 Gratt. 825.

An analogous question was involved in *Tracy* v. *The State*, and is thus disposed of by Roberts, C. J.  He says : " In the statement of facts the defendant is spoken of as a man who kept a hotel and wore whiskers, and the party that was beaten, when spoken of as a witness, is called Nancy Sheppard, whose given name is usually that of a female, and when therein designated as the person beaten, is spoken of as ' she.'   *   *   *   The defendant has no right to complain that the court and jury took for granted from the evidence adduced, both affirmative and negative, and inferential, the existence of the facts which fully established that he was an adult male and she a female."     *Tracy* v. *The State*, 44 Texas, 9.

As was said by Wright, C. J., in *The State* v. *Hussey*, 12 Iowa, 409 : " While it would be better in such cases to charge expressly the sex, yet the omission of such averment will not vitiate, if the same thing appears from all that is stated by the pleader."     And Mr. Bishop thus states the

rule: "Although, in point of law, the person against whom the wrongful act is committed must be a woman, the indictment need not state the sex by express averment." 2 Bishop's Cr. Proc., 2d ed., sec. 952.

Using, as does the indictment in this case, the personal pronoun " her " as many as three times in connection with the name of the assaulted party, and the fact that her christian name is " Theresa," which is a name generally borne by a female, we think the indictment sufficiently describes the injured party as a female, or woman.

No other question of importance requiring discussion is apparent from, or raised in, the record. The case was fairly tried upon the law and the evidence ; and, the evidence as it is presented to us being, in our opinion, sufficient to authorize the verdict and judgment, the judgment is affirmed.

*Affirmed.*